IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| SECOND CITY PRIME STEAK AND SEAFOOD COMPANY,<br><br>                   Plaintiff,<br>v.<br><br>PETER J. TEPLER,<br><br>                   Defendant. | Case No. 23-cv-16552<br><br>**JURY DEMAND** |

**PETER J. TEPLER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(B)(B)**

NOW COMES the Defendant, PETER TEPLER ("Tepler"), by and through his attorney, Donald J. Angelini, Jr. of the Law Office of Angelini & Dileo PC and in moving to dismiss SECOND CITY PRIME STEAK AND SEAFOOD COMPANY'S, ("Second City Prime") Complaint at Law under Federal Rules of Civil Procedure, Rule 12(b)(6), states as follows:

**<u>INTRODUCTION</u>**

The factual basis for Plaintiff's cause of action is set forth in detail in paragraphs 8-10 of Plaintiff's Complaint. According to the Complaint:

> "… 8. On October 29, 2022, Plaintiff's delivery truck was parked at 324 Burr Ridge Parkway, Burr Ridge, Illinois as part of its delivery to Capri Ristorante Restaurant. Defendant Peter J. Tepler entered the delivery truck without authority, commandeered the truck, and drove it away from Capri Ristorante Restaurant.
>
> 9. While possessing and operating Plaintiff's vehicle, Tepler caused

substantial damage to the delivery truck's body, its engine, and its distinct business signage. One hour after Defendant Tepler took the truck, it was located at the 7200 block of Chestnut Hills Drive in Burr Ridge, Illinois, near one of Tepler's properties. Tepler was in the vehicle's driver's seat with the engine revving. Tepler told the police that he took and drove Plaintiff's delivery truck away from Capri Ristorante restaurant because he did not want to wait for an uber.

      10.    Replacement parts were not readily available. Due to the ongoing unavailability of various necessary repair parts for the truck, repairs were not able to be completed until May 5, 2023 . Repairs totaled over $31,915.87.SSPSSC Second City Prime Steak and Seafood Company does the vast majority of their business during the holiday season. Second City Prime was without its sole delivery truck from October 29, 2022, until May 5, 2023.

Instead of attempting to state a cause of action in negligence and/or willful and wanton conduct for the damage to property and seeking both compensatory and consequential damages for same, Plaintiff filed a pleading that attempts to grossly overreach the applications of the causes of action for tortious interference of business relationship and the intentional infliction of emotional distress. For reasons stated below, Defendant prays this court to dismiss Plaintiff's Complaint at Law under Federal Rules of Civil Procedure, Rule 12(b)(6).

## ARGUMENT

      1.    In reviewing the sufficiency of a complaint, a court is required to construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing reasonable inferences in the plaintiff's favor. *Yeftich v. Navistar, Inc.,* 722 F.3d 911, 915 (7th Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

      2.    A claim is plausible where a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      3.    The Complaint at Law is not plausible on its face.

      4.    Primarily, two of the stated causes of action: tortious interference of business

relationship and intentional infliction of emotional distress are just not recognized under the facts pleaded in the Complaint at Law.

    a.    *Intentional Infliction of Emotional Distress*

5.    A plaintiff may recover damages for intentional infliction of emotional distress if he or she can prove: (1) that the defendant's conduct was extreme and outrageous; (2) that the defendant intended to cause or recklessly or consciously disregarded the probability of causing emotional distress; (3) that he or she suffered severe or extreme emotional distress; and (4) that the defendant's conduct actually and proximately caused emotional distress. *Public Finance Corp. v. Davis*, 66 Ill. 2d 85 (1976).

6.    Even in a light most favorable to the plaintiff, a cause of action intentional infliction of emotional distress is a personal and individual claim; it does not belong to a corporation, (third element…(3) that **he or she** suffered severe or extreme emotional distress).

7.    Emotional distress is considered severe or extreme when no reasonable **person** could be expected to endure it. *Public Finance*, 66 Ill. 2d at 90.

8.    Plaintiff attempts to side-step the individual nature of this claim by stating that the Defendant's acts caused the emotional distress to "the owners and employees of Second City Prime Steak and Seafood Co." The owners and employees are not the plaintiffs in this cause of action. This cause of action belongs to the corporate plaintiff which is definitively incapable of enduring emotional distress.

    a.    *Tortious Interference with Business Relationship*

9.    Next, taking everything stated in the Complaint as true, Plaintiff is unable to state a cause of action for the tortious interference with a business relationship.

10.    The elements of a claim for tortious interference with business relationships, are (a) the plaintiff had a reasonable expectation of entering into or continuing a valid business relationship

with a third party, (b) the defendant knew of that expectation, (c) the defendant intentionally and without justification interfered with that expectation, (c) the defendant's interference prevented the plaintiff's legitimate expectancy from ripening into a valid business relationship and (d) the plaintiff suffered damages because of the interference. (*Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 483-84 (1998)).

10. The factual basis for this cause of action allegedly lies in the following paragraph in Plaintiff's Complaint at Law:

"…….Second City Prime Steak and Seafood Co. had a reasonable expectation of entering into and continuing the valid business relationships in the sales of prime steak and seafood through residential and commercial delivery. On the side of the truck was emblazoned "Second City Prime Steak & Seafood, Bringing the Chop House to Your House," "(630) 854-6924," and "USDA Prime Beef – Wet Dry/Aged, Kobe/Wgyu – Wild Caught Seafood · Catering – Gift Packages." (www.SecondCityPrime.com). Also, on the sides of the truck was a photograph of a huge prime steak.

10. Primarily, the defendant must be aware of the underlying contract or business relationship (*DAN Joint Venture III, L.P. v. Touris*, 598 B.R. 430, 448 (N.D. Ill. 2019) (applying Illinois law)).

11. Next, the defendant must have the intent to interfere. (*Romanek v. Connelly*, 324 Ill. App. 3d 393, 406 (2001)).

12. In the instant case, the Plaintiff has failed to identify the business relationship that is being tortiously interfered with by the Defendant.

13. Who is Plaintiff's business relationship with? The entire world? Everybody who buys or consumes meat or fish?

14. Plaintiff fatally fails to identify the third party whose business relationship was interfered with by the Defendant. Moreover, the Plaintiff will never be able to identify the actual third party with whom its business relationship has been interfered with, because looking at the

allegations stated in Plaintiff's Complaint, the third party(ies) are all consumers and purchasers of meet and fish items.

For reasons stated above, Defendant prays this court to dismiss Plaintiff's Complaint at Law with prejudice, or in the alternative to allow Plaintiff to properly plead a cause of action stated in either negligent, intentional or willful misconduct which caused damage to property.

                          Respectfully submitted,

By: s/ Donald J. Angelini, Jr.
     Angelini & DiLeo PC
     155 North Michigan Avenue
     Suite 400
     Chicago, Illinois 60601
     312-957-1500
     donald@angelinidileo.com

CERTIFICATE OF SERVICE

A copy of the foregoing has been served on the Sinson Law Group by email service

kent@sinsonlawgroup.com on March 15, 2024.

Kent D. Sinson (ARDC: 6196953) Daniel Lynch (ARDC: 6197641)
100 N. LaSalle Street, Suite 1100
Chicago, Illinois 60602
(312) 332-2107 / Phone
(312) 332-4508 / Fax